LEMMON, Justice,
concurring in the denial of the application.
, I believe (1) DOTD is at fault for having created a trap that misled unwary motorists in Dachille’s position, (2) Taylor is at fault for crossing the double yellow line in the face of oncoming traffic, and (3) Dac-hille is not at fault because he continued in his lane delineated by the double yellow lines, believing the yield sign off to his right was for traffic northbound onto the parish road or westbound on La. Hwy. 2.
I specifically disagree, however, with the holding of Franklin v. Oilfield Heavy Haulers, 478 So.2d 549 (La.App. 3rd Cir. 1985), cert. denied, 481 So.2d 1330, 1331 (La.1985). If Dachille were in fact at fault in this case, his fault should be proportioned along with that of DOTD and Taylor.
The holding of Franklin is totally illogical. It allows an employer (or coemployee) to be totally relieved of liability in tort (even if the employer is 99% at fault), thereby placing all responsibility for damages on the joint tortfeasor (who may be only 1% at fault), and further allows the employer to recover all compensation payments. Thus, the employer, no matter how great his fault, totally escapes both tort and compensation responsibility. It would be vastly more just to apportion the fault between the tortfeasors and to allow the plaintiff to recover against the non-employer tortfeasor the appropriate proportion of his tort damages and to recover against the employer the appropriate proportion of the employer’s compensation liability, or to fashion some similar relief based on logic and fairness.